IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS BENSFIELD, WILLIAM RUSKA, A.J. RUSKA, and RAY WILLIAMSON, ) ) ) | |
| Plaintiffs, ) | No. 14 C 5329 |
| v. ) ) | Judge Robert W. Gettleman |
| VILLAGE OF RIVERSIDE and SPENCER KIMURA, ) ) ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Thomas Bensfield, William Ruska, A.J. Ruska, and Ray Williamson, all of whom were Riverside firefighters, sued defendants Village of Riverside and its Fire Chief, Spencer Kimura, seeking administrative review of disciplinary decisions and challenging the constitutionality of the Riverside Code of Conduct ("Code") and Standard Operating Procedure ("SOP"). This court dismissed all claims except for A.J. Ruska's ("plaintiff") claim that the Code and SOP violated the United States Constitution. For the reasons stated below, plaintiff Ruska's remaining claim is denied and his complaint for administrative review is dismissed.

## BACKGROUND

Plaintiff is a firefighter for the Riverside Fire Department ("RFD"). Kimura is the chief of that department. On December 14, 2013, plaintiff was at a North Riverside bar with several other firefighters. On that night, one of the other firefighters got into an altercation with off-duty Cicero police officers. Plaintiff failed to report the incident and was suspended for twenty-one days for having violated Section 500.2.2 of the Code and Section 510103.001 of the SOP. The relevant portion of the Code provides: "Always conduct myself, on and off duty, in a manner

that reflects positively on myself, my department and the fire services in general. Accept responsibility for my actions and for the consequences of my actions." The relevant portion of the SOP provides "Members of the Fire Department shall be strictly accountable for disorderly, disgraceful, or unlawful conduct or for the commission of any act tending to bring discredit or reflection upon the department while on or off duty. Additionally, no member shall engage in any conduct, on or off duty, which might adversely affect the morale or efficiency of the Fire Department."

The details of the underlying disciplinary dispute are set forth in some detail in the court's November 4, 2014, order granting in part and denying in part defendants' motion to dismiss and will not be reiterated in more detail here.

## DISCUSSION

Plaintiff first argues that defendants failed to submit the required "record of the proceedings had before [the administrative agency]." 735 ILL. COMP. STAT. 5/3-106. The agency need only provide "a sufficiently complete record of the proceedings . . . so that the trial court may properly perform its judicial review function." Mueller v. Bd. of Fire & Police Comm'rs of Vill. of Lake Zurich, 643 N.E.2d 255, 262 (Ill. App. Ct. 1994). See also Wheleman v. City of Chicago, 2013 IL App (1st) 122680-U, ¶ 44 appeal denied sub nom. Whelehan v. City of Chicago, 996 N.E.2d 24 (Ill. 2013). Here, defendants provided the administrative decision and the supporting documents that Kimura stated in his affidavit were relevant to his decision. Further, although "administrative review is confined to the record created before the agency," a "facial challenge to a statute . . . presents an entirely legal question that does not require fact-finding by the agency or application of the agency's particular expertise." Arvia v. Madigan, 809

N.E.2d 88, 94 (Ill. 2004). Plaintiff's only remaining claim is a facial challenge. Thus, the record of proceedings provided to this court is sufficient for its judicial review function.

Plaintiff also asserts two facial challenges, overbreadth and vagueness, to both the Code and SOP. "Rules and regulations validly promulgated by an administrative agency . . . are presumed valid." Com-Co Ins. Agency, Inc. v. W. Bend Mut. Ins. Co., 666 F. Supp. 1126, 1129 (N.D. Ill. 1987). "[T]he standards governing facial challenges . . . set a high bar." Ctr. for Individual Freedom v. Madigan, 697 F.3d 464, 476 (7th Cir. 2012). "Facial challenges to laws are disfavored, as they 'often rest on speculation' and also raise a risk of 'premature interpretation of statutes on the basis of factually barebones records.'" Little Arm Inc. v. Adams, 2014 WL 4370734, at *5 (S.D. Ind. Sept. 3, 2014).

Plaintiff first argues that the Code and SOP are overly broad.[1] "The overbreadth doctrine is strong medicine that should be employed with hesitation, and then only as a last resort." Ctr. for Individual Freedom, 697 F.3d at 476 (7th Cir. 2012) (internal quotation marks omitted). A law is overbroad only "when judged in relation to the law's plainly legitimate sweep, a substantial number of its applications are unconstitutional." Women's Health Link, Inc. v. Fort Wayne Pub. Transp. Corp., 2014 WL 4536555, at *8 (N.D. Ind. Sept. 11, 2014)."[C]ourts vigorously enforce the requirement that a statute's overbreadth be *substantial,* not only in an absolute sense, but also relative to the statute's plainly legitimate sweep." Ctr. for Individual Freedom, 697 F.3d 464, 476 (7th Cir. 2012) (internal quotation marks omitted). "Put simply,

---

[1] Defendants argue that plaintiffs waived this argument because they failed to raise it in their complaint for administrative review. However, "vagueness and overbreadth are two sides of the same coin" and "are often conceived of as alternative and often overlapping theories for relief on the same claim." Ctr. for Individual Freedom, 697 F.3d at 479 (internal quotation marks omitted). See also Jordan v. Pugh, 425 F.3d 820, 827 (10th Cir. 2005).

3

there must be numerous possible impermissible or illegitimate applications judged in relation to the statute's plainly legitimate applications." Hoyt v. City of El Paso, Tex., 878 F. Supp. 2d 721, 739 (W.D. Tex. 2012). "This aspect of the inquiry precludes invalidating a rule merely because it is susceptible to a few impermissible applications . . . ." T.V. ex rel. B.V. v. Smith-Green Cmty. Sch. Corp., 807 F. Supp. 2d 767, 787 (N.D. Ind. 2011).

"[T]he government has greater latitude in formulating personnel regulations governing police and fire departments than it might otherwise have." Waters v. Chaffin, 684 F.2d 833, 840 n.14 (11th Cir. 1982). In the instant case, the Code prohibits conduct that negatively reflects on individual firefighters or on the department and fire services. The Code then requires that firefighters take responsibility for and face the consequences of their actions. Similarly, the SOP ensures that firefighters not engage in "disorderly, disgraceful, or unlawful conduct" or conduct that tends to "discredit" or bring "reflection upon" the RFD. The SOP also prohibits firefighters from engaging in conduct that may harm the RFD's morale or efficiency. These admonitions serve to retain public trust in, ensure the efficiency of, and maintain the discipline of the RFD, all of which are "particular concerns" of fire departments. See Aiello v. City of Wilmington, Del., 623 F.2d 845, 855 (3d Cir. 1980). Because the Code's and SOP's provisions bar a significant range of conduct that could harm these legitimate interests, their permissible sweep is broad.

Plaintiff has not shown that there are substantial impermissible applications relative to the many permissible ones. Plaintiff asserts in general and conclusory terms that the Code and SOP "*potentially* restrict . . . protected behavior" and "*could* be interpreted" to restrict participation in political activity, clothing choices, and religious exercises. (emphasis added). Plaintiff fails to explain how any such lawful conduct would negatively reflect on, create

4

disorder within, discredit, or disgrace the RFD or its firefighters; that is, he fails to explain how such conduct would be prohibited by the Code or SOP. Further, "in a professional fire department, the area of unregulable speech may be somewhat less available than for public employees generally." Aiello, 623 F.2d at 855. Therefore, even if the regulations would prohibit some constitutionally protected conduct, plaintiff has failed to show that these impermissible applications are *relatively* substantial.

Plaintiff's last argument is that the Code and SOP are unconstitutionally vague. "[A] statute is only unconstitutionally vague if it fails to define the offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and it fails to establish standards to permit enforcement in a nonarbitrary, nondiscriminatory manner." Hegwood v. City of Eau Claire, 676 F.3d 600, 603 (7th Cir. 2012) (internal quotation marks omitted). "The government acting in the role of employer enjoys much more latitude in crafting reasonable work regulations for its employees." Brown v. Bd. of Educ. of City of Chicago, 2015 WL 1428272, at *5 (N.D. Ill. Mar. 26, 2015) (internal quotation marks omitted). In the employment context, it is, for example, constitutionally permissible for the government to require that its employees not "be[] rude," Greer v. Amesqua, 212 F.3d 358, 369 (7th Cir. 2000), "conduct themselves so as to not to bring the Department into disrepute," id., not "bring[] discredit upon the Department," Everly v. Chicago Police Bd., 456 N.E.2d 992, 997 (Ill. App. Ct. 1983), and act "for the good of the Department," D'Acquisto v. Washington, 640 F. Supp. 594, 620 (N.D. Ill. 1986).

Plaintiff argues that the Code and SOP are vague because they do not detail the prohibited conduct as much as he would like. But government regulations need "not spell out in detail the conduct that is proscribed." Everly, 456 N.E.2d at 997. Indeed, "[i]t is not feasible or

5

necessary for the Government" to do so. Bence v. Breier, 501 F.2d 1185, 1195 (7th Cir. 1974). Plaintiff also contends that the Code and the SOP are vague because they rely on general categories. Again, he is wrong. "The most conscientious of codes that define prohibitive conduct of employees includes 'catchall' clauses prohibiting employee 'misconduct,' 'immorality,' or 'conduct unbecoming.'" Id. Finally, plaintiff asserts that the Code and SOP cannot use phrases that require a firefighter to consider how others perceive him or have "some sort of existential understanding . . . ." However, many of the words and phrases used in the above examples – such as disrepute, discredit, or good of the department – have just such characteristics. Neither the Code nor the SOP is vague.

## **CONCLUSION**

For the foregoing reasons, plaintiff Ruska's remaining claim is denied and his complaint for administrative review is dismissed.


**ENTER:**     **April 23, 2015**

_____
    **Robert W. Gettleman**
    **United States District Judge**